Our second case this morning is number 22227 Callan v. McDonough. Okay, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. William Callan. The issue in this case is whether or not the statute in this case, 38 U.S.C. 5104, which requires notice of the decision. Mr. Carpenter, before we go there, let's talk about whether we actually have jurisdiction in this case. There is a remand order from the Veterans Court, correct? There is, Your Honor. But that remand order is predicated upon a final decision interpreting the statute and the viability of the regulation and determines specifically that the statute is, leaves a gap to be filled and that that gap was appropriately filled by the regulation. We believe that Well, it's a final judgment problem. There's no, there's a remand. See, you know, there isn't any finality as to the interpretation that they've given because you could win on the remand on the theory of the majority of the Veterans Court that gives a more limited construction to the statute than you give. I don't believe that I could win on remand, Your Honor, because the board was instructed by the Veterans Court to determine whether or not there was an adequate or to give adequate statement of reasons or basis for why the elements that were required by the statute Under the Veterans Court decision, the board could say, well, you didn't receive the notice that was required by the statute. And so you could prevail even under their construction of the statute. But that would leave intact the precedential opinion that interprets the regulation as meeting the requirements of the statute. And the provisions of the regulation do not meet that. And we have a finality requirement. That's the problem. If that's the case, then This is a quintessentially not final determination since there's a remand. If that's the case, then, Your Honor, we believe that in the alternative, that this court should determine that it is a non-final decision, that we meet the requirements of the Williams criteria on all three conditions that were satisfied. Let me ask you, Mr. Carpenter. Yes. The relief that you're seeking today, does that have any impact? Does it relate to the issue that's been remanded? Yes, Your Honor. It does? Yes, because  Well, Your Honor, it requires the VA to provide notice in accordance with the regulation. If they provide, if the board below finds that it meets the requirements of the regulation, then the interpretation made by the Veterans Court stands, and an appeal will simply result in a reliance upon the prior law of the case, and we'll be right back here addressing the exact same issue. So we know you do not hear non-final decisions, right? Yes, Your Honor. Yes. There's exceptions. There's an exception to that. Are you aware of the other exceptions? The Williams criteria? Why don't you start with the first element, explain why that exception applies. Otherwise, I think you have a really tough road to hold here. Okay. It requires that we must have a clear and final decision on a legal issue. We believe that the Veterans Court issued a clear and final decision on the issue of whether or not the regulation fills a gap. We do not believe that there is any gap, and therefore by allowing notice to be provided by multiple attachments, including the rating decision itself, is contrary to. But that legal issue you're describing has to be separate from the issue that's on remand. And the issue on remand, the direction from the Veterans Court, was to simply provide an adequate statement of reasons or basis. You told me quite ago that there is no distinction between them, that the relief that you're seeking below will be impacted or could be impacted by any decision we make today. Yes, Your Honor, because if you interpret. . . If that's the case, if there's that type of connection, then we don't have a final determination, which we don't have jurisdiction. Well, if that's the panel's determination, then obviously. . . Well, let's know. I mean, if that's maybe mine, sort of following. . . We can't argue that. . . I understand that, Your Honor, and I'm simply suggesting that we believe we meet the Williams criteria because all three of the conditions are met and that there is substantial risk that it will not survive a remand. If you lose, it will survive the remand. I'm sorry, Your Honor? If you lose, if they say that you got sufficient notice, you can say that's under the wrong standard and you can appeal to us and raise the question. That's right, but if they say that. . . But that's the meaning of that criterion. But, Your Honor, if the board on remand says that the criteria is met by the regulation, then that does not allow us an appeal of that decision. Because you've won. You can't come here if you've won. There's nothing the matter with that. But I still have a precedential opinion that says something. . . When we sit here, we decide cases. We don't decide language and opinions. There's language in the opinion. It may affect future cases, but in a future case, somebody can come here and say that's wrong. You can come here in another case and say that's wrong.  If that's the view of the panel, it seems to me that this is an issue that was motivated by an act of Congress that changed the dynamic for how information was communicated to veterans. You may have a viable argument, but today is not the day to present that argument because we don't have finality. We can only hear controversies. And there's not a controversy now. We can't issue a declaratory judgment speaking to the old rules, the Veterans Court precedent. That's what you're asking us to do. That's what you want. To begin with, we can't do that because we're resolving controversies. And the case arises from a controversy, but the controversy is not before us. It's been remanded. Then I will return. May it please the Court, unless the Court has questions about the government's position on the non-finality of the judgment, we'd ask this Court to dismiss the appeal. Okay, thank you. Thank you, Your Honor. All right, thank you both, counsel. The case is submitted.